United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40944
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ISRAEL RANGEL-ESPINOZA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-945-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Israel Rangel-Espinoza (Rangel-Espinoza) appeals his guilty-

plea conviction and sentence for illegal reentry following

deportation in violation of 8 U.S.C. § 1326.

    For the first time on appeal, Rangel-Espinoza contends that

the "felony" and "aggravated felony" provisions of 8 U.S.C.

§ 1326(b) are unconstitutional in light of Apprendi v. New

Jersey, 530 U.S. 466 (2000).  As Rangel-Espinoza concedes, this

argument is foreclosed.  See Almendarez-Torres v. United States,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Rangel-Espinoza also contends, for the first time on appeal, that the district court committed reversible plain error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). He argues that the error was plain, structural, and presumptively prejudicial. We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005)(No. 05-5556).

The district court erred when it sentenced Rangel-Espinoza pursuant to the mandatory Guidelines system. See id. at 733. However, the error was not structural or presumptively prejudicial. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Further, Rangel-Espinoza has failed to point to anything in the record indicating that the district court would have reached a different conclusion had it known that the Sentencing Guidelines were advisory. See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Although the district court sentenced Rangel-Espinoza at the lowest end of the guideline range, it found no reason to depart from that range. See United

States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). Therefore, Rangel-Espinoza has not demonstrated that his substantial rights were affected, and he has failed to establish plain error. See Mares, 402 F.3d at 522.

AFFIRMED.